IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA HALL and WALTER MCCOMBS, )
for themselves and for all others similarly situated, )
         Plaintiffs, )
)
vs )   Civil Action No. 11-213
)
GUARDSMARK, LLC, )
         Defendant. )

O R D E R

Plaintiffs, Patricia Hall and Walter McCombs, former security guards working for Defendant, Guardsmark, LLC, brought this Fair Labor Standards Act case raising claims that Defendant failed to properly compensate them for pre-shift, post-shift and uniform maintenance work. On May 11, 2012, Plaintiffs filed a motion for an order authorizing notice to similarly situated persons pursuant to 29 U.S.C. § 216(b). On August 17, 2012, the Court entered a memorandum and order (ECF No. 72) denying this motion. On August 27, 2012, Plaintiffs filed a motion for leave to take an interlocutory appeal of this order. On September 11, 2012, Defendant filed its response in opposition to Plaintiffs' motion.

Pursuant to statutory authority, this Court may certify a question for interlocutory appeal if the order at issue: "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court of Appeals for the Third Circuit has derived three criteria from the statute. In determining whether the order "involves a controlling question of law," the Court must look to: 1) whether an incorrect disposition would constitute reversible error if presented on final appeal or 2) if the question is

"serious to the conduct of the litigation, either practically or legally." Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974) (en banc). To determine whether the order presents a "substantial ground for difference of opinion," the clearest evidence is where "there are conflicting interpretations from numerous courts." Beazer East, Inc. v. The Mead Corp., 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006). Finally, in determining whether an appeal would "materially advance the ultimate termination of litigation," the Court should look to "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." Patrick v. Dell Fin. Servs., 366 B.R. 378, 387 (M.D. Pa. 2007) (citation omitted).

The Court of Appeals has held that § 1292(b) "is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the court of appeals are to exercise independent judgment in each case and are not to act routinely." Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958). Interlocutory appeals represent the exception to the general rule disfavoring piecemeal litigation. Hulmes v. Honda Motor Co., Ltd., 936 F. Supp. 195, 208 (D.N.J. 1996), aff'd mem., 141 F.3d 1154 (3d Cir. 1998).

Plaintiffs contend that this case presents three controlling questions of law about which there is substantial ground for difference of opinion: 1) the Court's conclusion that there was a lack of "temporal similarity" between Hall and McCombs, on the one hand, and proposed class members on the other because neither Hall and McCombs worked as security guards after July

2

2009 and the proposed class members who would be opting in could not raise claims that arose prior to August 2009; 2) the Court's conclusion that Hall and McCombs could not rely on the hearsay statements in their affidavits that they "believed" other security guards were subjected to the same pre-shift, post-shift and uniform policies as they were; and 3) the Court's conclusion that they did not provide sufficient proof that other security guards had similar claims for uncompensated time spent maintaining their uniforms. They also contend that allowing the appeal will materially advance the litigation because they cannot settle or resolve their individual claims and then appeal an order denying conditional certification, and therefore they will be obliged to pursue their claims to final judgment and then, even if judgment is entered in their favor, take an appeal on the conditional certification issue.

Defendant responds that there are no controlling questions of law because the Court also denied conditional certification on other grounds, namely that no affidavits of potential class members were submitted and Plaintiffs' own declarations did not even support their claims that the uniforms they wore or the maintenance required of them was similar. They also argue that there are no substantial grounds for a difference of opinion because: 1) Plaintiffs state that there are no decisions in this circuit on the issue of temporal similarity, and therefore it cannot be said that there are "conflicting interpretations"; 2) in their motion, Plaintiffs fail to cite a single case holding that hearsay evidence may be considered in determining whether they are similarly situated to proposed class members, Plaintiffs' declarations do constitute hearsay because they rely on out-of-court statements by their co-workers to prove the truth of the matter asserted, and the Court held that Plaintiffs' statements (that they had spoken to co-workers who experienced similar treatment) were directly contrary to their deposition testimony (that they had not); and 3)

Plaintiffs cite no cases in which courts granted conditional certification on claims that the plaintiffs were similarly situated to proposed class members who were not paid for washing their uniforms and merely disagreeing with this Court's ruling is not a substantial ground for a difference of opinion, Max Daetwyler Corp. v. R. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983). Finally, they respond that allowing an interlocutory appeal would not materially advance the ultimate termination of the litigation because it would not eliminate the need for a trial, but would result in a trial involving more than two plaintiffs, complicate matters by requiring the Court to analyze the individual claims of anyone would could timely opt in, and increase the cost of discovery.

The Court concludes that there are no controlling questions of law because Plaintiffs' motion for conditional certification was also denied on other grounds, specifically that Plaintiffs' case was weakened by their failure to present affidavits from potential class members, that statements in Plaintiffs' declarations that they had spoken to co-workers were directly contradictory to their deposition testimony that they had not done so, and that Plaintiffs' own declarations did not even support their claims that the uniforms they wore or the maintenance required of them was similar. Further, the Court concludes that there are no substantial grounds for a difference of opinion because: 1) to the extent Plaintiffs contend that the temporal similarity question was an issue of first impression, there are no "conflicting interpretations" for the Court of Appeals to resolve, see Cuttic v. Crozer-Chester Med. Ctr., 806 F. Supp. 2d 796, 805 (E.D. Pa. 2011) (the fact that matters of first impression are involved is not sufficient to support interlocutory appeal); 2) with respect to the hearsay issue, numerous courts have held that hearsay will not be considered in determining whether plaintiffs are similarly situated and, as

4

noted above, the statements in Plaintiffs' declarations were also not considered based upon the <u>independent</u> ground that they directly contradicted Plaintiffs' prior deposition testimony (an issue Plaintiffs have not addressed); and 3) because the Plaintiffs do not concur about the uniforms they wore or the maintenance required of them, the Court cannot infer that other Guardsmark employees have similar claims for uncompensated time spent maintaining Guardsmark uniforms. Finally, allowing an interlocutory appeal would not materially advance the ultimate termination of the litigation because, by Plaintiffs' own admission, it would not eliminate the need for a trial but would result in a trial involving more than two plaintiffs, complicate matters by requiring the Court to analyze the individual claims of anyone would could timely opt in, and increase the cost of discovery. Plaintiffs' argument that they would have to pursue an appeal even if judgment were entered in their favor does not support their contention that allowing an interlocutory appeal would materially advance the ultimate termination of this litigation and they have cited no authority in support of this argument.

AND NOW, this 13th day of September, 2012,

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to take interlocutory appeal (ECF No. 74) from the order (ECF No. 72) denying their motion for order authorizing notice to similarly situated persons (ECF No. 49) is denied.

IT IS FURTHER ORDERED that Plaintiffs' motion to extend the deadline for mediation is granted and the parties are allowed until October 31, 2012 to conduct a mediation in this case.

          s/Robert C. Mitchell_____
          ROBERT C. MITCHELL
          United States Magistrate Judge